UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

DIMENSIONAL IMAGING, INC.   Case No: 8:15-bk-00254
Chapter 11

    Debtor.
_____/

**DEBTOR'S APPLICATION TO EMPLOY AND RETAIN
SUZY TATE, P.A. AS COUNSEL FOR DEBTOR**

Dimensional Imaging, Inc. ("**Debtor**"), by and through undersigned proposed counsel and pursuant to 11 U.S.C. §§327(a) and 328 and Bankruptcy Rule 2014(a), hereby requests the entry of an Order authorizing the Debtor to retain the law firm of Suzy Tate, P.A. (the "**Firm**") as its bankruptcy counsel as of January 12, 2015, and in support of this Application, respectfully represent as follows:

1.    The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 12, 2015, in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.

2.    The Debtor wishes to retain Tate as its bankruptcy counsel, effective as of August 26, 2014. Suzy Tate ("**Tate**") would assume primary responsibility as lead bankruptcy counsel. Tate is an experienced bankruptcy practitioner, is board certified by the American Board of Certification in Business Bankruptcy Law, has an AV Peer Review Rating from Martindale Hubbell, and has represented both creditors and debtors in other complex corporate bankruptcy cases. Tate maintains an office in Tampa, Florida.

3.    The Debtor desires to employ Tate as counsel because of the nature of the legal services required in this case, and believe that Tate is well qualified to act on its behalf.

4.    The services of counsel are necessary to enable the Debtor to faithfully execute its

duties in this case. As proposed counsel for the Debtor and subject to further order of this Court, Tate will be prepared to render the following services:

    a)     To take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on its behalf, the defense of any actions commenced against them, negotiations concerning all bankruptcy litigation in which they are involved, and objections, when appropriate, in objecting to claims filed against the estate;

    b)     To prepare, on behalf of the Debtor, any applications, answers, orders, reports, and/or papers in connection with the administration of the estate;

    c)     To counsel the Debtor with regard to its rights and obligations as debtor-in-possession;

    d)     To negotiate, prepare, and file a chapter 11 plan of reorganization and corresponding disclosure statement, seek approval of such disclosure statement and confirmation of such plan; and

    e)     To perform all other necessary legal services in connection with these chapter 11 cases.

5.     It is both necessary and essential that the Debtor employ an attorney to tender the foregoing professional services in its reorganization case. Subject to the Court's approval and authorization of the retention and retainer requested in this Application, Tate has indicated a willingness to act as the Debtor's counsel and perform such professional services subject to the foregoing conditions.

6.     Tate has agreed to represent the Debtor for fees ultimately to be determined by the Court, pursuant to the provisions of §330 of the Bankruptcy Code. Tate's current hourly rate is $285.00. The Debtor believes that this rate is reasonable and has agreed to pay fees for paralegal

services, if necessary, and expenses such as photocopy, delivery, and long distance telephone charges.

7.      Tate does not have any connection with the Debtor, its creditors, any other parties-in-interest or its respective attorneys, except as stated in the Declaration of Suzy Tate attached as **Exhibit "A."**

**WHEREFORE**, the Debtor respectfully requests entry of an order authorizing the retention and employment of Tate as counsel for Debtor in this case, and granting such other relief as is appropriate.

Dated this January 12, 2015.

>    */s/ Suzy Tate*
>    Suzy Tate
>    Florida Bar No. 22071
>    **Suzy Tate, P.A.**
>    14502 N. Dale Mabry, Ste. 200
>    Tampa, FL 33618
>    Telephone: (813) 264-1685
>    Facsimile: (813) 264-1690
>    suzy@suzytate.com
>    Proposed counsel to the Debtor

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic service or U.S. Mail, postage pre-paid, to **Office of the United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; and to those parties who receive electronic notices via CM/ECF in the regular course of business on January 12, 2015.

>    */s/ Suzy Tate*
>    Suzy Tate

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

DIMENSIONAL IMAGING, INC.　　　　　　　Case No: 8:15-bk-00254
　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　Debtor.
_____/

**DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY AND RETAIN SUZY TATE, P.A. AS COUNSEL FOR DEBTOR**

The undersigned, Suzy Tate, of the law firm of Suzy Tate P.A., hereby swears and declares under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that the following statements are true and correct:

1.　　I am Suzy Tate.  I am a member of the Florida Bar and the bars of the United States District Courts for the Middle, Northern, and Southern Districts of Florida.

2.　　I am duly authorized to practice law in the State of Florida and I am competent to provide this declaration ("**Declaration**") as required by Federal Rule of Evidence 601.

3.　　Unless I have otherwise stated, I have personal knowledge of the facts contained in this Declaration as required by Federal Rule of Evidence 602.

4.　　I am the owner of the law firm of Suzy Tate, P.A. (the "**Firm**") which is located at 14502 North Dale Mabry, Suite 200, Tampa, FL 33618.  The Firm has been asked to serve as counsel for the Debtor in the chapter 11 bankruptcy case of Dimensional Imaging, Inc. ("**Debtor**"), which filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 12, 2015(the "**Petition Date**"), and now seek to employ the Firm as bankruptcy counsel in this case.  The Firm employs one full time attorney and also utilizes the services of attorney Christopher Broussard so all declarations herein regarding the Firm include Mr. Broussard.

5.　　This Declaration is submitted in order to comply with 11 U.S.C. §§ 327(a) and

329(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and 2016.

6. The Firm maintains computerized indices of all clients it formerly represented and presently represents. For each prospective client, the Firm cross checks or otherwise refers to the conflict check index to ensure there is no conflict of interest (the "**Conflict Check System**"). The Firm's attorneys and para-professionals are required to disclose any actual or potential conflict, in writing, through the Conflict Check System. Included in that disclosure would be any interest any attorney in the Firm may have with respect to any prospective client (such as an interest as a stockholder, officer, director, employee, partner) or other relationship with the prospective client.

7. The Firm's Conflict Check System and related records are comprised of records regularly maintained in the regular course of the Firm's business and it is the Firm's regular practice to make and maintain these records. The Conflict Check System and related records reflect documents and entries that are input into the system at the time information becomes available by or at the direction of persons with personal knowledge of the matters contained therein. I am one of the persons who supplies information to the Conflict Check System and I regularly use and rely upon the information contained in the Conflict Check System in my practice.

8. I have personally compared the available lists of creditors and interested parties of the Debtor with those persons or entities listed in the Conflict Check System.

9. The facts stated in this Declaration as to the relationship between the Firm, the Debtor, the Debtor's creditors, other parties in interest, and the U.S. Trustee and the attorneys representing the U.S. Trustee are based on my review of the Conflict Check System and my personal knowledge.

10. Based on my review of the Firm's Conflict Check System and my personal knowledge, I have ascertained the following information:

  a. No attorney in the Firm is or has served as an employee of the Debtor or an officer, director, or employee of an affiliate of the Debtor at any time.

  b. No attorney in the Firm is a relative to any director, officer, employee, or any person in control of any affiliate(s) of the Debtor.

  c. No attorney in the Firm is or has served as an officer, director, or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor at any time.

  d. No attorney in the Firm has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three (3) years before the Petition Date.

  e. No attorney in the Firm currently represents a creditor, manager, member, insider, lessor, lessee, party to an executory contract of the Debtor, or person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter, whether such representation is related or unrelated to the Debtor or its estate.

11. Prior to the Petition Date, the Firm received a total of $10,000.00 (the "**Pre-Petition Retainer**") in connection with the preparation for filing the bankruptcy case for the Debtor. As is the Firm's practice in all chapter 11 cases, the Firm applied the Pre-Petition Retainer to the amounts due for pre-petition services rendered and costs incurred as of the Petition Date. The Firm was owed $2,042.50 for pre-petition services rendered and costs incurred in connection with the preparation of the Petition and the filing of the bankruptcy case (the "**Pre-Petition Fees**"). The Pre-Petition Retainer was applied to the Pre-Petition Fees. Additionally, $1,717.00 was paid for the filing fee in connection with Filing the Petition from the balance of the Pre-Petition Retainer and additional funds provided by the Debtor. Therefore, as of the Petition Date, the Firm was not

3

a creditor of the Debtor.

12. The balance of the Pre-Petition retainer is $6,240.50 (the "**Bankruptcy Retainer**"), which will be held as security of services to be rendered and costs to be incurred in the Debtor's bankruptcy case following the Petition Date. The Firm will apply the Bankruptcy Retainer to its monthly statements for services rendered and costs incurred after the Petition Date. The Firm has agreed to represent the Debtor and to seek reimbursement of costs and expenses incurred in connection with this representation consistent with the guidelines established by this Court and the Office of the United States Trustee.

13. No attorney in the Firm has been paid fees pre-petition or holds a security interest, guarantee, or other assurance of compensation for services performed and to be performed in the case, except as set forth above.  The Firm has agreed to represent the Debtor at its standard hourly rates charged to other clients and seek reimbursement of costs and expenses incurred in connection with this representation consistent with the guidelines established by this Court and the Office of the United States Trustee.

14. No attorney in the Firm has any other connection with the Debtor, its creditors, or any other parties in interest, except as stated above.

15. This concludes my Declaration.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, as executed on this 12th day of January, 2015.

            */s/ Suzy Tate*
            Suzy Tate