UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

DIMENSIONAL IMAGING, INC.                     Case No: 8:15-bk-00254-KRM
                                              Chapter 11
    Debtor.
_____/

## DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY

Dimensional Imaging, Inc. ("**Debtor**"), by counsel, hereby files its Case Management Summary pursuant to the *Administrative Order Establishing Initial Procedures in Chapter 11 Cases Filed in the United States Bankruptcy Court of the Middle District of Florida, Tampa-2009-1*, and states as follows:

### I. Debtor's Business

1. The Debtor has three locations in and around Sarasota, Bradenton, and Venice that offer high-field MRI, open MRI, CT (CAT Scan) ultrasound, mammography, echocardiogram, nerve conduction (EMG and NCV), and bone density (DEXA) for patients. The Debtor's primary location is 2 N. Tuttle Avenue, Sarasota, FL (the "**Tuttle Office**"). The Debtor employs 23 employees who work at the various locations.

### II. History of the Debtor

2. The Debtor was formed in 2003 by its principal Samuel Nixon with its initial location at the Tuttle Office. The Debtor subsequently opened additional offices at 5817 21st Ave. W. in Bradenton, FL and 1370 E. Venice Ave. in Venice, FL. All three locations are leased.

3. Located in the various offices are open and closed MRI machines, scanners, other imaging equipment, office equipment, and furnishings. Lenders asserting liens in the various equipment and/or Debtor's accounts receivable are DGDL Properties, LLC ("**DGDL**"), Magnecel Services, LC ("**Magnecel**"), and Hancock Bank.

4.      In October 2013, Debtor entered into various agreements with PrimeHealth Financial, Inc. ("**PrimeHealth**"), which provided for the assignment of the Debtor's medical receivables. The Debtor was to continue to be the primary contact with its clients, to collect on the assigned receivables, and to turn over such funds to PrimeHealth. PrimeHealth assigned its interest in the assignment to Weststar Capital, LLC ("**Weststar**").

5.      In December 2013, when the Debtor contacted PrimeHealth and Westar about payments due and owing to the Debtor under the agreements after certain thresholds, the Debtor was informed that Weststar's executed copy of the agreements provided for a significantly lower payment when collections reached those thresholds. Over the subsequent months, the parties tried to negotiate a resolution to the dispute. In good faith, the Debtor continued to turn over the payments to Weststar and assigned additional receivables in January, February, and March, 2014.

6.      However, the parties did not reach a resolution to the issue and in May 2014, the Debtor terminated all dealings and transactions under the agreements.

7.      In the months subsequent to the notice, Westar started contacting the Debtor's clients directly, including personal injury attorneys and insurance companies that refer cases to the Debtor. As a result of Westar's contact with these clients, the Debtor experienced a significant drop in referrals and subsequent decrease in monthly income.

8.      In August 2014, the Debtor initiated a complaint against PrimeHealth and Weststar in Pinellas County (Case No. 14-006292-CI) for breach of contract, fraud in the inducement, among other claims. Weststar filed counterclaims against the Debtor.

### III. Current Business Challenges and Opportunities

9.      Because of the issues with PrimeHealth and Weststar, the Debtor was unable to pay certain creditors in a timely manner, including its equipment vendors DGDL and Magnecel.

10. While the Debtor has been successful in the past, these issues have damaged the Debtor's relationship with its clients and vendors. The Debtor hopes to reorganize its debts in bankruptcy and repair these relationships.

## IV. Existing Equity and Debt Structure

### A. Equity

11. Samuel Nixon owns 100% of the shares.

### B. Debt

12. The estimated amounts owed to creditors is listed below.

## V. Location of Debtor's Operations

13. The Debtor has offices in Sarasota, Bradenton, and Venice.

## VI. Reasons for Filing Chapter 11

14. Because of the issues with PrimeHealth and Weststar and their effect on Debtor's payment to equipment vendors, the Debtor, in its business judgment, decided to seek protection under Chapter 11 of the Bankruptcy Code.

## VII. List of Officers and Directors, Salaries, and Benefits

15. Samuel Nixon is the Debtor's president and receives an annual salary of $200,000.

## VIII. Debtor's Annual Gross Revenues

16. Debtor had $3,273,677.51 in annual gross revenue for 2014.

## IX. Amounts Owed to Various Classes of Creditors

17. The Debtor scheduled the following secured creditors and estimated claim amounts:

| | | |
|---|---|---|
| DGDL | - | $550,000.00 |
| Hancock Bank | - | $64,197.64 |
| Magnecel | - | $2,000,000.00 |
| Weststar | - | Unknown |

18. With regard to priority claims, the Debtor estimates that it owes $18,000.00 to

employees for wages earned the week prior to the Petition Date and a total of $49,000 to the Sarasota County Tax Collector and Manatee County Tax Collector.

19. The Debtor's general unsecured claims are estimated at $200,000.

## X. General Description and Approximate Value of the Debtor's Current and Fixed Assets

20. The Debtor's assets include equipment, inventory, office equipment and furnishings, and accounts receivables totaling in value of approximately $2,000,000.00.

## XI. Number of Employees and Amounts of Wages Owed as of Petition Date

21. The Debtor had 23 employees who are owed $18,000.00 as of the Petition Date.

## XII. Status of Debtor's Payroll and Sales Tax Obligations

22. The Debtor's payroll is current with the next payroll due on January 15, 2014. The Debtor does not collect sales tax.

## XIII. Anticipated Emergency Relief to be Requested Within 14 Days from the Petition Date

*Debtor's Application Authorizing Employment of Suzy Tate, P.A. as Counsel*

*Debtor's Emergency Motion for Authorization to Use Cash Collateral*

*Debtor's Emergency Motion for Authorization to Pay Prepetition Wages*

*Debtor's Emergency Motion to Pay Officers*

Dated this 13th day of January, 2015.

/s/ Suzy Tate
Suzy Tate
Florida Bar No. 22071
**Suzy Tate, P.A.**
14502 N. Dale Mabry, Ste. 200
Tampa, FL 33618
Telephone: (813) 264-1685
Facsimile: (813) 264-1690
suzy@suzytate.com
Proposed counsel to the Debtor

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic service, electronic mail, and/or U.S. Mail, postage prepaid to **Office of the United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602 and to the parties on the L.B.R. Rule 1007(d) Service List for this Chapter 11 case on this 13th day of January, 2015.

              */s/ Suzy Tate*
              Suzy Tate